IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMIR BEN SLIMENE, | )<br>)<br>) |
| Plaintiff, | )<br>) No: 16-cv-09345<br>) Judge Marvin E. Aspen<br>) Magistrate Judge Mary M. Rowland |
| v. | ) |
| PORTER INSTALLATIONS, INC. and<br>RICHARD GRADMAN,<br>Defendants. | )<br>)<br>)<br>) |

FILED SEP 29 2016 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

COMPLAINT FOR NEGLIGENCE RESULTING IN PERSONAL INJURIES

COUNT I

JURISDICTION

This court has jurisdiction pursuant to 28 USC 1331—diversity. The amount in controversy exceeds $75,000.

PARTIES

1) Samir Ben Slimene was at all relevant times a resident of City of Detroit in the State of Michigan and the situs of the crash is on I-90 in McHenry County, Illinois.

2) The Defendant Porter Installations, Inc., an Illinois Corporation, has its principal place of business in the City of Rockford, State of Illinois.

3) The Defendant Richard Gradman was at all relevant times a resident of City of Rolling Meadows, State of Illinois.

4) On November 11, 2014, Defendant, Richard Gradman, operated in the scope of his employment for Porter Installations Inc., a commercial Comcast van loaded and equipped with parts on eastbound I-90 in McHenry County in Illinois.

5) That it is, was and became the duty of the Defendant to use ordinary care and caution in the operation and maintenance of said van so that others using the highway would not be injured.

6) That in violation of this duty, the Defendant failed to act in one or more of the following ways, amounting negligence:

    a) Failed to keep proper lookout for other vehicles;

    b) Operated his motor vehicle at a speed unreasonable and improper in relation to surrounding traffic and road conditions in violation of ILCS, Ch 625, Section 5/11-710(a).

    c) Operated his motor vehicle at a rate of speed which endangered the safety of Plaintiff;

    d) Failed to decrease his speed sufficiently or otherwise maintain control over said vehicle adequate to avoid collision with Plaintiff;

    e) Failed to equip said motor vehicle with good and sufficient brakes;

    f) Otherwise, carelessly, negligently and improperly operated, managed, maintained and controlled said motor vehicle.

7) That as a direct result and proximate result of one or more of the wrongful acts or omissions he crashed into the rear of Plaintiff's truck (mounted tower penetrating the cargo doors) causing Plaintiff to be sustain personal injuries of a permanent nature, undergo disk surgery, endure pain and suffer past and future, suffer loss of normal life, to incur medical expenses past and future, and lose wages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Richard Gradman in an amount of damages to be determined at trial but in excess of the jurisdictional minimum, prejudgment interest from date of injury, and costs.

## JURISDICTION

This court has jurisdiction pursuant to 28 USC 1331—diversity. The amount in controversy exceeds $75,000.

## PARTIES

1) Samir Ben Slimene was at all relevant times a resident of City of Detroit in the State of Michigan and the situs of the crash is on I-90 in McHenry County, Illinois.

2) The Defendant Porter Installations, Inc., an Illinois Corporation, has its principal place of business in the City of Rockford, State of Illinois.

3) The Defendant employee or agent Richard Gradman was at all relevant times a resident of City of Rolling Meadows, State of Illinois.

8) On November 11, 2014, Defendant operated in the scope of his employment as an employee or agent of Porter Installations Inc., commercial Comcast van loaded and equipped with parts on eastbound I-90 in McHenry County in Illinois.

9) That in violation of this duty, the Defendant, Richard Gradman, employee or agent of Porter Installations Inc. in the scope of his employment, failed to act in one or more of the following ways, amounting negligence:

    g) Failed to keep proper lookout for other vehicles;

    h) Operated his motor vehicle at a speed unreasonable and improper in relation to surrounding traffic and road conditions;

    i) Operated his motor vehicle at a rate of speed which endangered the safety of Plaintiff;

    j) Failed to decrease his speed sufficiently or otherwise maintain control over said vehicle adequate to avoid collision with Plaintiff;

k) Failed to equip said motor vehicle with good and sufficient brakes;

l) Otherwise, carelessly, negligently and improperly operated, managed, maintained and controlled said motor vehicle.

4) That as a direct result and proximate result of one or more of the wrongful acts or omissions Defendant employee or agent Richard Gradman crashed into the Plaintiff's truck causing him to be sustain personal injuries of a permanent nature, undergo disk surgery, endure pain and suffer past and future, suffer loss of normal life, to incur medical expenses past and future, and lost wages.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Porter Installations Inc. in an amount of damages to be determined at trial but in excess of the jurisdictional minimum, prejudgment interest from date of injury, and costs.

_____
Sidney Ezra, Attorney

9/24/16

#63119
Law Offices of Sidney Ezra
55 West Wacker Dr., 9th Floor
Chicago, Illinois 60601
312-357-8888